IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DEREK RAPPS, EQUITY HOLDER          :
INSURANCE ACQUISITIONS CO.,         :
                                    :
    Plaintiff,                      :
                                    : No. 3:14-CV-61 (CAR)
v.                                  :
                                    :
SISSON INTERNATIONAL &              :
ASSOCIATED REFINERIES CORP.,        :
                                    :
    Defendant.                      :
_____ :

## ORDER ON DEFAULT JUDGMENT

Plaintiff Derek Rapps, as an equity holder in Insurance Acquisitions Co., filed this action on June 30, 2014. Presently before the Court is Plaintiff's Motion for Default Judgment [Doc. 10]. Plaintiff as an equity holder and for the benefit of Insurance Acquisitions Co., seeks to recover payment of $50,000,000 in unpaid corporate debentures ("Debentures") from Defendant Sisson International & Associated Refineries Corp.  Plaintiff also seeks costs and reasonable attorney's fees.

Defendant was served with process on March 12, 2015, but has failed to answer or respond. At Plaintiff's request, the Clerk of Court entered default against Defendant on July 2, 2015. Now, Plaintiff moves the Court for entry of default judgment. Defendant has not appeared or filed a response, and the time for doing so has passed.

For the reasons set forth below, Plaintiff's Motion for Entry of Default Judgment [Doc. 10] is **GRANTED**.

## BACKGROUND

Plaintiff alleges that Defendant tendered Debentures to Plaintiff that required payment on July 1, 1994, but payment was never made. According to Plaintiff, in 1989 Insurance Acquisitions Co., a Florida Corporation, through its officer, Betsy Rapps, acquired for consideration, $50,000,000 in corporate Debentures from Defendant Sisson International & Associated Refineries Corp., an Oklahoma Corporation headquartered in Peducah, Kentucky. The Debentures were executed at Plaintiff's Atlanta, Georgia office. Plaintiff is a resident of Athens, Georgia.

Defendant filed Bankruptcy in 1990. The Bankruptcy records listed the Debentures as outstanding debt; however, the Bankruptcy was dismissed and Defendant's debt was not discharged. Plaintiff now seeks a default judgment for the outstanding amount of the Debentures.

## DISCUSSION

The entry of default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … and that fact is made to appear by affidavit or otherwise."[1]  Prior to obtaining a default judgment, the party seeking judgment must first obtain an entry of default from the

---

[1] Fed. R. Civ. P. 55(a).

Clerk of Court.[2]  Plaintiff has satisfied this requirement.

The mere entry of default, however, does not mandate the entry of a default judgment.  Instead, the Court must find a sufficient basis in the pleadings for judgment to be entered.[3]  Default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[4]  Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint.[5]

In considering any motion for default judgment, the Court must examine (1) its jurisdiction, (2) liability, and (3) damages.[6]  The Court has diversity jurisdiction over the instant case pursuant to 28 U.S.C. § 1332, and venue is proper under Local Rule 3.4 of this Court.  The remaining considerations are addressed below.

## A.  Liability

A party who claims breach of contract under Georgia law has the burden of establishing (1) the subject matter of the contract, (2) consideration, and (3) mutual

---

[2] *Id.*

[3] *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.)

[4] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

[5] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

[6] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

assent by the parties to the contract terms.[7] "Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) the resultant damages to the party who has the right to complaint about the contract being broken."[8]

Plaintiff in his Complaint alleged that Defendant and Plaintiff entered into a contract for Debentures that were to become payable on July 1, 1994, and despite demand for payment Defendant has failed to pay.  Defendant has failed to respond to Plaintiff's allegations, and thereby admits Plaintiff's "allegations of fact."[9] The Court finds the factual allegations in Plaintiff's Complaint and Defendant's failure to respond are sufficient to establish Plaintiff's breach of contract claim.

### B. Damages

Once the Court determines that a default judgment should be entered, it then determines the amount and character of the recovery that should be awarded.[10] A court may compute from facts of record, and fix the amount which the prevailing party is lawfully entitled to recover and then give judgment accordingly.[11]  Plaintiff has attached copies of the eight Debentures for which Defendant is liable—six of which are for a sum

---

[7] *Imps. Serv. Corp. v. GP Chems. Equity, LLC*, 652 F. Supp. 2d 1292, 1300 (N.D. Ga. 2009).

[8] *Id.* (internal quotation marks and citation omitted).

[9] *Nishimatsu Const. Co.*, 515 F.2d at 1206 (A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

[10] *Pitt.*, 321 F. Supp. 2d at 1356.

[11] *Id.*

of $5,000,000, and two of which are for $10,000,000.  Plaintiff seeks only the principal amounts due for $50,000,000, but does not seek the accrual of the interest due under the Debentures. Here, the Court finds that there is no evidentiary hearing necessary to determine Plaintiff's damages because the amount of damages "can be reduced to a sum certain."[12] Accordingly, the Court finds Plaintiff is entitled to $50,000,000 in damages.

Plaintiff has further requested attorney's fees and costs. According to the terms of the Debentures, Plaintiff is entitled to attorney's fees and costs incurred. However, if Plaintiff wishes to pursue attorney's fees and costs, Plaintiff must submit its application for attorney's fees and costs within fourteen (14) days of the date of this Order.[13]

**CONCLUSION**

Plaintiff's Motion for Entry of Default Judgment [Doc. 10] is **GRANTED**. Judgment will be entered in favor of Plaintiff against Defendant for $50,000,000.

SO ORDERED this 4th day of November, 2015

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[12] *Langsfeld v. Wynne*, No. 1:08-CV-0225-JOF, 2009 WL 383395, at *3 (N.D. Ga. 2009).
[13] *See* Local Rule 54.1.